UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE BUESING,<br><br>                        Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE CORP., et al.,<br><br>                        Defendants. | Case No.: 3:17-cv-01426-H-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Doc. Nos. 5, 6] |

Plaintiff commenced this action in California Superior Court on April 18, 2017, bringing claims for breach of contract, fraud, and insurance bad faith against Defendants National Union Fire Insurance Corp.[1] and AIG, Inc. (Doc. No. 1 at 9.) On July 14, 2017, Defendants removed the action to federal court. (Doc. No. 1.) On July 21, 2017, Defendants National Union and AIG, Inc. filed separate motions to dismiss. (Doc. Nos. 5, 6.) Plaintiff, who is represented by counsel, filed an opposition to AIG's motion but did not file an opposition to National Union's motion.[2] (Doc. No. 10.) AIG filed a reply on August 14, 2017. (Doc. No. 11.)

---

[1] While the complaint brings claims against an entity called National Union Fire Insurance Corp., Defendants refer to the entity as National Union Fire Insurance Company of Pittsburgh, Pa. (Doc. No. 1 at 2.) In this order, the Court will refer to the Defendant as "National Union."

[2] Plaintiff filed two nearly identical oppositions to AIG's motion. (Doc. Nos. 9, 10.) Plaintiff did not explain the reason for the two filings. The only difference between the filings seems to be the addition of two exhibits attached to the second filing. Accordingly, the Court presumes the second filing is the completed, and therefore intended, filing.

1

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motions are fit for resolution without oral argument. The Court therefore submits the motions on the parties' papers and vacates the scheduled hearing. For the reasons that follow, the Court grants the motions without prejudice. The Court dismisses the entire action as to all Defendants with leave to amend.

## Background

Plaintiff filed a form complaint in California Superior Court, and Defendants removed the case to federal court. (Doc. No. 1.) The form complaint contains very little information, but it does state that Plaintiff purchased two disability insurance policies and that Defendant National Union failed to pay disability benefits on the policies. (Id. at 9-15.) In a conclusory fashion, the form states that National Union collected premiums from Plaintiff without any intention of performing. (Id. at 13.) The complaint also states, again in a conclusory fashion, that Defendants breached a duty of good faith and fair dealing by refusing to provide benefits, failing to investigate Plaintiff's claims, refusing and failing to respond to Plaintiff, and looking for excuses to deny coverage. (Id. at 14.)

## Discussion

**I. Legal Standards**

**A. Motion to Dismiss for Failure to State a Claim**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. A complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 to evade dismissal under a Rule 12(b)(6) motion. Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 640-41 (9th Cir. 2014). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alteration notations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quotation marks, alteration notations, and citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

### B. Motion to Dismiss for Lack of Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). But this demonstration requires that the plaintiff "make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Love v. Assoc'd. Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010). To make this showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In challenging personal jurisdiction, a party may present evidence outside of the pleadings. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). "Unless directly contravened, [the plaintiff's] version of the facts is taken as true," and disputed facts must be resolved in the plaintiff's favor. Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003) (citing Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003)).

## II. Analysis

### A. National Union

National Union filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 5.) Plaintiff, who is represented by counsel, did not file an opposition to the motion. National Union argues that the allegations in the form complaint are too vague to meet the pleading standards of the Federal Rules of Civil Procedure. The Court agrees. While a complaint "does not need detailed factual allegations," it must still contain enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Moreover, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Here, the form complaint contains almost no factual allegations. The complaint alleges that Plaintiff purchased insurance policies and that Defendants failed to pay on those policies. That is not enough information to make out a claim for fraud, breach of contract, or insurance bad faith. Accordingly, the Court grants the motion to dismiss without prejudice. Plaintiff may file a new complaint with this Court. In order to survive another motion to dismiss, the new complaint must contain factual allegations sufficient to state claims for fraud, breach of contract, and insurance bad faith.

### B. AIG, Inc.

AIG, Inc. filed a motion to dismiss on the grounds that service was improper, that the Court does not have personal jurisdiction over AIG, Inc., and that the complaint fails to state a claim against AIG, Inc. (Doc. No. 6.) Plaintiff filed an opposition to AIG's motion, but the opposition does not address AIG's argument that the form complaint failed to state a claim. (See Doc. No. 10 at 11.) Instead, the opposition contains a two-sentence statement asserting that Plaintiff has made out a prima facie case for insurance bad faith against AIG, Inc. (Id.) But the Court disagrees. The assertions in the complaint against AIG, Inc. are the same deficient assertions that are made against National Union. Accordingly, the Court grants AIG, Inc.'s motion to dismiss for failure to state a claim.

Based on Plaintiff's current complaint, it is also unclear whether the Court has personal jurisdiction over AIG, Inc. To establish personal jurisdiction, Plaintiff must "demonstrate facts that if true would support jurisdiction over the defendant." Ballard, 65 F.3d at 1498. But Defendants may present evidence outside of the pleadings in order to challenge the asserted jurisdictional facts. Unocal Corp., 248 F.3d at 922. Defendants argue that AIG, Inc. is a holding company, not an insurer or claims adjuster. (Doc. No 6-1 at 11.) Defendants attach AIG, Inc.'s annual report, which establishes that AIG, Inc. is the parent company of National Union. (Doc. No. 6-2 at 38, 40.) As a holding company, AIG, Inc. purportedly does not do any business in California. (Id. at 13:22-27.) Defendants also attach a document from the Pennsylvania Insurance Commissioner, stating that AIG, Inc. is an insurance holding company organized under the laws of Delaware and with its principal place of business in New York. (Doc. No. 6-2 at 41-42.)

In response, Plaintiff submits two of Plaintiff's claim forms that list National Union in the pre-printed address blocks. (Doc. No. 10-2.) Under National Union, the address blocks also list "AIG Claim Services" and "A&H Claims Department." (Id.) According to Plaintiff, these forms demonstrate that AIG, Inc. has been involved in this matter. (Doc. No. 10 at 8.) But Plaintiff offers nothing to establish that AIG, Inc. and AIG Claim Services are the same entity. Indeed, AIG, Inc.'s annual report demonstrates that the parent company has numerous subsidiaries with names containing the initials "AIG." (Doc. No. 6-2 at 38-40.) For example, there is a subsidiary called AIG Claims, Inc. and another called AIG Property Casualty International. (Id. at 38.) AIG Claim Services could likewise be another subsidiary of AIG, Inc.

Accordingly, the two claim forms do not necessarily establish that AIG, Inc. has had any contacts with the State of California. Such contacts would be required for the Court to exercise personal jurisdiction over AIG, Inc. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (specific jurisdiction); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984) (general jurisdiction). In drafting an amended complaint, Plaintiff should ensure that AIG, Inc. is the actual entity that Plaintiff intends to

sue, and if so, Plaintiff should ensure that the Court may exercise personal jurisdiction over AIG, Inc.

### **Conclusion**

The Court dismisses Plaintiff's complaint in its entirety without prejudice for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Plaintiff may file an amended complaint that addresses the problems described in this order, if Plaintiff can do so, within 30 days of the date of this order. An amended complaint must be complete by itself without reference to the original complaint. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 973 n.14 (9th Cir. 2013).

**IT IS SO ORDERED.**

DATED: August 15, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT